UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

Case No.: 1:26-cv-06152-EGC (PC)

**ORDER DENYING MOTION TO EXCEED PAGE LIMIT**

(Doc. 3)

**ORDER STRIKING COMPLAINT FOR FAILURE TO COMPLY WITH PAGE LIMITS PURSUANT TO STANDING ORDER**

(Doc. 1)

**ORDER DIRECTING PLAINTIFF TO FILE COMPLAINT NOT EXCEEDING 25 PAGES**

**30-Day Deadline**

Plaintiff Patrick A. Cannavan is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. INTRODUCTION

On August 3, 2026, Plaintiff filed a complaint (Doc. 1), an application to proceed *in forma pauperis* (Doc. 2), and a motion to exceed page limit (Doc. 3).

//

//

## II. DISCUSSION

***The Complaint and the Motion to Exceed Page Limit***

The undersigned has conducted a preliminary review of the 39-page complaint and Plaintiff's motion to exceed the page limit. The complaint names Governor Gavin Newsom, the California Department of Corrections and Rehabilitation (CDCR), as well as C. Frazier and A. Castillo at the California Substance Abuse Treatment Facility in Corcoran, California.

Asked to identify the "facts underlying" his claims in the form portion of the complaint, Plaintiff wrote:

> Elderly abuse-Petitioner's protected conduct, filing of litigations to seek judicial resolution, taking into account the "But-For" causations, Defendants Adverse Actions are directly related, and the proximate cause promulgated upon Petitioner for seeking such Protected Conduct as access to the courts, exposing the Adverse Actions in light of (Under the color of law) Rico Act violation, violating the courts (RA) (ADA 2025) (Armstrong 2024 orders) a constant established (Demonstrable) 1st Amend. established institution grievance process (602) to bring systemic facts of indifference to Petitioner's rights under all HELD laws, Statutes, Rule, policy, contempt by the Defendants. Because success on CANNAVAN's claims would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus," must instead bring his claim under § 1983. Skinner, 562 U.S. at 535 n. 13, 131 S.Ct. 1289.

(Doc. 1 at 5.) Following the form portion of the complaint are four pages appearing to have been copied from a petition for writ of mandamus (*id*. at 12-15) and a number of documents included as exhibits,[1] including the following: a CDCR 602-1 form (in Spanish) dated August 2, 2026 (*id*. at 16-17), Disciplinary Hearing Results dated July 23, 2026 for a hearing conducted on July 16, 2026, concerning a violation occurring on July 2, 2026 (*id*. at 18-27), another CDCR 602-1 form (in Spanish) dated August 2, 2026 (*id*. at 28-29), and another Disciplinary Hearing Results dated July 23, 2026, including Plaintiff's handwritten notations, for a hearing conducted on July 16, 2026, concerning a violation occurring on June 30, 2026 (*id*. at 30-39).

In his motion to exceed the page limitation, Plaintiff uses the first page of an amended

[1] *See Davis v. Carlton*, No. 2:11-cv-01100-TLN-KJN P, 2013 WL 6512903, *8 (E.D. Cal. Dec. 12, 2013) ("The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim").

civil rights complaint form (with the word "AMENDED" stricken) and provides information concerning "4-5" prior lawsuits he has filed, before simply stating: "Requesting of the court to submit in excess of 25 pages, to enable supports cases and information." (*See* Doc. 3.)[2]

On February 24, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in which the Court and the CDCR have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed.[3] As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed IFP, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Initial filings from inmate Plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.

Plaintiffs shall provide their complaint and any application to proceed IFP without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of

---

[2] The Court observes the number of cases filed by Plaintiff is underreported. As of July 20, 2026, Plaintiff had filed eight (8) actions in this Court. As of the date of this order, Plaintiff has now filed a total of twenty-six (26) actions in this Court.

[3] The Court's Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions, dated February 24, 2016 with an effective date of March 1, 2016, may be accessed on the Court's website at: https://www.caed.uscourts.gov/caednew/assets/File/Standing%20Order%203-1-16.pdf, as of 8/3/2026.

initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures. To facilitate compliance with Federal Rule of Civil Procedure 8(a)(2), complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward the twenty-five-page limit. In the event a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit.

Here, as noted above, Plaintiff has electronically filed a 39-page complaint along with a motion to exceed the page limit. However, Plaintiff has failed to demonstrate the need to exceed that page limit. The supporting "cases and information" to which Plaintiff refers do not warrant exceeding the applicable page limitation.

The Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief" and the Court's February 24, 2016 Standing Order.[4] The complaint will therefore be stricken for exceeding the page limitation set by the Court's February 24, 2016 Standing Order. The Court will grant Plaintiff the opportunity to file a complaint <u>not exceeding 25 pages in length, including exhibits</u>.

Plaintiff should avoid citations to legal authority in any refiled complaint not exceeding 25 pages because, at screening, a plaintiff's factual allegations are accepted as true but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, because the Court is familiar with the legal standards applicable to section 1983 claims, Plaintiff need not include that information. Next, Plaintiff will be directed to use this Court's Civil Rights Complaint by a Prisoner form. As stated

---

[4] The Court has additional concerns that Plaintiff's claims are unexhausted given the dates associated with his allegations. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (courts may dismiss a claim if failure to exhaust is clear on the face of the complaint).

on the form, prisoner plaintiffs are instructed as follows: "State the facts clearly in your own words *without citing legal authority or arguments*." (Italics added.) Again, what is required are "short and plain statement(s)" of *fact* not law. Further, by directing Plaintiff to use the Civil Rights Complaint by a Prisoner form, it is hoped that Plaintiff's refiled complaint will clearly state each separate claim he intends to present. As presented, the 39-page complaint is confusing and does not clearly identify or number the claims included.

In addition to the refiled complaint being brief, it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. Vague references to "Defendants" or "officers" will not suffice. *See Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) (simply grouping some or all defendants and ascribing to them generalized assertions of overall conduct is insufficient). Stated another way, any refiled complaint must comply with Rule 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved.[5]

Additionally, Plaintiff is advised he may not change the nature of this suit by adding new, unrelated claims in his refiled complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). And, Plaintiff is further advised that an amended or refiled complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's refiled complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to exceed the page limit (Doc. 3) is **DENIED**;
2. The complaint filed on August 3, 2026 (Doc. 1) is **STRICKEN** from the record for failure to comply with the Court's page limitation as set forth in the February 24, 2026

[5] The Court observes Plaintiff refers to an individual named "Lamas" as having taken and/or modified his wheelchair. Notably, "Lamas" is not named as a defendant in this action. If Plaintiff believes he has a constitutional claim against "Lamas," he must properly identify that individual in both the caption and the section requiring him to identify all defendants in the action.

Standing Order;

3. The Clerk of the Court shall send Plaintiff a Civil Rights Complaint by a Prisoner form;
4. Plaintiff is granted leave to refile his complaint;
5. **Within 30 days** from the date of service of this order, Plaintiff may refile a complaint, **not to exceed 25 pages in length, including any exhibits**; and
6. **Plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim**.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE