UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, et al.,<br>Defendants. | Case No.: 1:26-cv-06152-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE**<br>14-Day Objection Period<br>Clerk of the Court to Assign District Judge |

Plaintiff Patrick A. Cannavan is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. BACKGROUND**

Plaintiff filed his original complaint on August 3, 2026. (Doc. 1.)

On August 5, 2026, the Court issued its Order Denying Motion to Exceed Page Limit, Order Striking Complaint for Failure to Comply with Page Limits Pursuant to Standing Order, and Order Directing Plaintiff to File Complaint Not Exceeding 25 Pages. (Doc. 7.) Specifically, Plaintiff was directed to re-file his complaint, not to exceed 25 pages, within 30 days of the date of service of the order. (*Id*. at 6.)

On August 21, 2026, Plaintiff re-filed his complaint. A review of the re-filed complaint reveals it to be duplicative.

## II. DISCUSSION

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").[1]

In the *Cannavan I* complaint, Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas. Defendant Lamas is sued in their individual capacity, and all other defendants are sued in their official capacities.

That complaint appears largely identical and related to the complaint in the instant action, except Plaintiff has additionally named Correctional Captain C. Frazier and Correctional Officer A. Castillo as defendants. Plaintiff again brings claims pursuant to a combination of constitutional amendments, federal laws, and miscellaneous legal cases and theories.[2] The only factual allegations appear to be related to grievances Plaintiff filed following the July 16, 2026, incident alleged in *Cannavan I* wherein Plaintiff alleges that Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending him to the emergency room for treatment of his injuries. Additionally, Plaintiff seeks similar relief. *Cf.* Doc. 10 at 4 ("Defendants tampered with ADA wheelchair causing Plaintiff to be hospitalized …") & 10 ("Wheelchair is not to be tampered with …") with the complaint filed in *Cannavan I* (1:26-cv-05670, Doc. 1 at 5).[3]

Notably too, this action appears duplicative of another, albeit even later filed action, filed by Plaintiff. In that action, the assigned magistrate judge recently issued Findings and Recommendations to dismiss the case as duplicative. *See Cannavan v. Newsom*, No. 1:26-cv-06994-CDB (PC), 2026 WL 2606895, at *1 (E.D. Cal. Sept. 3, 2026). The assigned magistrate

---

[1] *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

[2] Plaintiff's factual allegations and claims are difficult to decipher.

[3] The complaint originally filed on August 3, 2026, specifically references the wheelchair incident: "on 7-16-2026 @ 6:30 a.m to @ 14:10:00 p.m. G' yd. Staft. Cpt. Lt. Sgt. COs inclusive & collectively …." (Doc. 1 at 5.)

judge found Defendant Newsom was a common defendant in both *Cannavan I* and that action, that Plaintiff also named "Defendants A Castillo and Captain A. Frasier" concerning claims arising from incident of July 16, 2026, and that in both *Cannavan I* and that action "Plaintiff asserts violations of the U.S. Constitution and federal law and invokes common, assorted legal theories and cases," and additionally asserted that "Captain Frasier approved an unauthorized RVR that is tied to an unspecified 'systemic and still ongoing retaliation.'" *Id.*

**A. Applicable Legal Standards**

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692-93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**B. Analysis**

The allegations in the complaint in *Cannavan I* appear to include identical and/or related allegations in the complaint filed in this action. Both cases name Governor Gavin Newsom, the CDCR Division of Adult Services, and Secretary of CDCR Jeff Macomber as defendants; they differ in that Plaintiff has added C. Frazier and A. Castillo as defendants. In both cases, Plaintiff

appears to base his claims on the July 16, 2026, incident wherein Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendants Frazier and Castillo, rather than Correctional Officer Lamas, in the instant action, Plaintiff appears to build upon his earlier claim or claims by asserting facts related to grievances filed following the July 16, 2026, incident and reportedly false related-incident documentation. (*See* Doc. 10.) To the extent Plaintiff believes he may state claims against Defendants Frazier and Castillo that are also related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in his existing case, rather than attempting to bring a separate action.[4] Further, as noted above, the instant complaint appears duplicative of another action filed in this Court, and subsequent to *Cannavan I*, in which the assigned magistrate judge has recommended dismissal of that case as duplicative. *Cannavan*, 2026 WL 2606895, at *1-3.[5]

Based on this review, the undersigned finds it appropriate to recommend dismissal of this action as duplicative of *Cannavan I*.

**III. CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the undersigned **HEREBY RECOMMENDS** that this action be dismissed as duplicative of an earlier filed action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

---

[4] To date, Plaintiff has filed 38 cases in this Court. The Court notes that a significant number of those actions have been dismissed as duplicative. *See, e.g.*, case numbers 1:26-cv-5903-JLT-SAB, 1:26-cv-6027-JLT-CDB, 1:26-cv-6034-KES-EPG, 1:26-cv-6035-KES-FJS, 1:26-cv-6038-JLT-SAB, 1:26-cv-6042-KES-SAB, 1:26-cv-6044-JLT-SAB, 1:26-cv-6046-KES-EPG, 1:26-cv-6048-KES-FJS, and 1:26-cv-6051-KES-FJS.

[5] The objection period following issuance of the Findings and Recommendations in that action has not yet passed; therefore, a district judge has not yet issued a ruling.

**fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2026**

Erin Sing Castillo
UNITED STATES MAGISTRATE JUDGE